BRABENEC v. BRABENEC.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8560.  Decide May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

681.  JURISDICTION — 413 Divorce & Alimony—997.  Real Estate.

Where parties, by their pleadings and by evidence produced at trial, submit to trial court, without objection, question of title and ownership of real estate, they may not, on error, claim that court had no jurisdiction to hear and determine questions so presented.

Error to Common Pleas.
Judgment affirmed.

John J. Babka, Cleveland, for plaintiff in error.

Herman H. Finkle and Henry Galen, Cleveland, for defendant in error.

FUL TEXT.

LLOYD, J.

In her petition filed in the Court of Common Pleas plaintiff in error, as plaintiff, sought a decree of divorce and for alimony against the defendant in error, as defendant.

In her petition she claimed also to own in fee simple certain real estate situated in Cleveland which she asked might "be restored to her free of any interest, dower or otherwise, of the defendant therein."

To her petition the defendant filed an answer and cross petition, the answer being in form a general denial, and the cross petition alleging that the defendant had furnished $3100.00 of the purchase price of the real estate described in the petition, which was $7400.00.  Defendant asked for a decree and finding in his favor "that he is entitled to a lien and equitable trust in the sum of $3100.00 upon said property and that there be a division of the said property or other provision made by this court to protect the rights and lien and trust of said defendant upon said property."  To this cross petition the plaintiff filed an answer admitting the value of the property in controversy to be $7400.00 and denying generally all of the other allegations contained therein.  The Court of Common Pleas, finding that the plaintiff was entitled to a divorce, rendered judgment accordingly, and on the issues made as to the real estate in question found

"that the defendant contributed $3100.00 towards the purchase price of said property and that he has an equitable interest."

therein and adjudged and decreed that he

"is the rightful owner of 31/74ths interest in said property and the plaintiff is hereby ordered to convey said 31/74ths interest in said property to the defendant, by good and sufficient deed in fee simple, and that upon a failure of said plaintiff to execute said conveyance within five days from the entry hereof, that this decree shall operate as such conveyance."

Plaintiff prosecutes error to so much of the judgment and decree as relates to the real estate, her sole contention being that an action for divorce being statutory in its nature, the trial court "had no jurisdiction to determine the title and ownership of the premises" in question.  It is unnecessary to discuss the question so raised farther than to say that in the instant case the plaintiff and defendant, by their pleadings, and by the evidence produced at the trial, submitted the question in issue to the trial court without objection, and having done so may not now claim that the court had no jurisdiction to hear and determine the question so presented.  Quoting from the unreported opinion of Judge Richards of this Court, in Reinbolt vs. Reinbolt, decided May 8th, 1924:

"It is quite true that an action of divorce and alimony involves, properly and ordinarily, only the questions of divorce and alimony, and that such an action is not one in chancery.  The parties, however, to an action for divorce and alimony, may choose, by appropriate pleadings and evidence, to submit to the court an additional issue involving a claimed liability on the part of one to the other, for monies loaned or advanced, and where both sides choose to do so, it could be hardly be claimed that a judgment rendered on all those issues would be void.  Indeed, we fail to see how it could even be erroneous, if the various issues were submitted without objection."

Finding no error in the record prejudicial to the plaintiff in error, and for the reasons given, the decree of the Court of Common Pleas is affirmed.

(Richards and Williams, JJ., concur.)